UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 07-65-JBC**

**UNITED STATES OF AMERICA,** **PLAINTIFF,**

**V.**     **MEMORANDUM OPINION AND ORDER**

**CYNTHIA KAY WRIGHT,**     **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant/judgment debtor's objection to the garnishment of her retirement account at NatCity Investments, Inc. ("NatCity").  DE 26.  The court, having reviewed the record and being otherwise sufficiently advised, will overrule the objection.

On August 8, 2007, the defendant/judgment debtor, Cynthia Kay Wright, was sentenced to serve 16 months in prison and to pay $182,414, plus interest, as restitution to the victim.  DE 17.  The United States applied for a writ of continuing garnishment, DE 18, which was answered by the garnishee, NatCity, on December 21, 2007, DE 21.  Wright did not object to the answer, and the court granted the United States' motion for a Garnishment Disposition Order on March 11, 2008.  DE 24.  On May 14, 2008, Wright filed this objection to the garnishment.  DE 26.

Wright's objection is untimely.  Under 28 U.S.C. § 3205(c)(5), a judgment debtor may file an objection to the garnishee's answer "[w]ithin 20 days after receipt of the answer."  Because Wright waited over 5 months before objecting, her

objection is waived.  Therefore, the court will overrule the objection.

While the court's decision is based on the untimely filing of the objection, the objection would also be overruled if the merits of Wright's argument were considered.  Wright contends that her retirement account should not be attached and seized because it is exempt under federal and state law as a bona fide retirement account made with non-stolen funds.  Wright fails to cite any authority for this assertion.

The Federal Debt Collections Procedures Act (FDCPA) allows the United States to "enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a).  This section applies in this matter because "all provisions of [18 U.S.C. § 3613] are available to the United States for the enforcement of an order of restitution."  18 U.S.C. § 3613(f).  Under this section, a judgment may be enforced against "all property or rights to property of the person fined" except that certain property exempt from taxation pursuant to I.R.C. § 6334(a)(1)-(8), (10), and (12) shall be exempt from enforcement of the judgment.  18 U.S.C. § 3613(a)(1).  Retirement accounts are not included in the list of exempt property.

The anti-alienation provision in the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1056(d)(1), prohibits the garnishment of funds in ERISA-qualified pension plans.  However, by stating, "[n]otwithstanding any other federal law . . . a judgment imposing a fine may be enforced against all property or rights

2

to property of the person fined," the FDCPA creates an express statutory exception to ERISA's anti-alienation provision. *United States v. Tyson*, 242 F.Supp.2d 469, 471-472 (E.D. Mich. 2003). In addition, ERISA's "savings provision," 29 U.S.C. 1144(d), provides that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law." Because the FDCPA is not mentioned in sections 1031 or 1137(b), the "savings provision" applies and requires that the conflict between the two statutes be resolved in favor of the FDCPA. *Tyson*, 242 F.Supp.2d at 472. Furthermore, "if Congress, in enacting the FDCPA, had intended it to be subordinate to ERISA, it easily could have included ERISA among the statutes that the FDCPA does not supersede." *Id.* (quoting *United States v. Sawaf*, 74 F.3d 119, 124 (6th Cir. 1996)).

Thus, the United States may attach and seize Wright's retirement account in order to satisfy the judgment.

Accordingly,

**IT IS ORDERED** that defendant/judgment debtor's objection is **OVERRULED**.

Signed on   December 4, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3